IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TAREYAN COOKS,

    Plaintiff,

v.                                         CASE NO. 1:09-cv-00262-MP-AK

ROGER UALERIO RUIZ,

    Defendant.

_____/

## **O R D E R**

Plaintiff, an inmate incarcerated within the Florida Department of Corrections, submitted a civil rights complaint (doc. 1), and was granted leave to proceed in forma pauperis. (Doc. 4). Upon review of the complaint, the Court finds that the Order granting leave to proceed should be vacated and this case should be dismissed.

The Prison Litigation Reform Act of 1995 (PLRA), provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> . . . if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had two prior prisoner actions dismissed within this District on the grounds that they were malicious or failed to state a claim: Case No.3:07cv192 (dismissed as malicious) and Case No. 4:02cv423 (dismissed for failure to state a claim). Other cases in the Middle District of Florida have been dismissed as well: Case No. 3:01cv826 (dismissed as malicious;

Case No. 3:02cv773 (dismissed as malicious); 3:03cv701 (dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)) and 3:01cv1062 (dismissed for failure to exhaust).

The instant complaint has been reviewed sufficiently to discern that Plaintiff's allegations concerning his defense attorney's trial errors do not bring this case within the "imminent danger" exception.

Therefore, because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, he is not entitled to proceed *in forma pauperis*. The Eleventh Circuit Court of Appeals has clarified that the proper procedure in such a situation is not to give the inmate time in which to pay the fee, rather dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002). Thus, this case must be dismissed under 28 U.S.C. § 1915(g).

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Order granting Plaintiff leave to proceed IFP (doc.4) is VACATED.

2. This case is DISMISSED WITHOUT PREJUDICE to its refiling so long as it is accompanied by the full filing fee of $350.00.

**DONE AND ORDERED** this  *9th*  day of April, 2010

       *s/Maurice M. Paul*
      Maurice M. Paul, Senior District Judge